Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619.255.2380

Joseph J. Siprut (pro hac vice application to be filed)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL 60602
312.236.0000

*Attorneys for Plaintiff Red Pine Point LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Red Pine Point LLC, | Case No. |
|---|---|
| Plaintiff, | **Complaint for Patent Infringement** |
| v. | |
| DIRECTV, LLC, | |
| Defendant. | |

Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its Complaint against Defendant DIRECTV ("DIRECTV" or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1.  This is a patent-infringement action by Red Pine against DIRECTV, an online retailer. As detailed below, Red Pine has been harmed by DIRECTV's unlawful use of Red Pine's patents for commercial purposes.

Complaint for Patent Infringement  1

## JURISDICTION AND VENUE

2. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court may exercise personal jurisdiction over DIRECTV pursuant to the California long-arm statute. DIRECTV conducts continuous and systematic business in California and this District. For example, DIRECTV distributes movies in this District. DIRECTV allows users to download and view feature length films like *Enemy* before the films are publicly available to view in movie theaters or on DVD. As will be described below, these patent-infringement claims arise directly from DIRECTV's continuous and systematic activity in this District. This Court's exercise of jurisdiction over DIRECTV would thus be consistent with California law and traditional notions of fair play and substantial justice.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

## PARTIES

*Plaintiff*

5. Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6. DIRECTV is a corporation organized under the laws of Delaware. DIRECTV's headquarters are located in El Segundo, California. Among other things, DIRECTV operates a website that includes a service that allows consumers to view feature-length films on their mobile devices before the films are released in theaters.

/ / / /

Complaint for Patent Infringement 2

## FACTUAL BACKGROUND

7. Red Pine owns United States Patent 8,521,601 (the "'601 patent").

8. The field of the invention of the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

9. This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *Enemy* is not the same as the target audience of *Avatar* or *Titanic*.

10. The '601 invention provides a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *Enemy* to hand-held devices before *Enemy* is publicly available for viewing in theaters or on DVD.

## CLAIM ALLEGED

11. Red Pine repeats the allegations of paragraphs 1 through 10 of this Complaint as though fully alleged herein.

12. Red Pine is the exclusive owner of the '601 patent, which is attached as Exhibit 1.

13. The '601 patent is valid and enforceable.

14. DIRECTV directly infringes claims of the '601 patent. DIRECTV makes, uses, sells, and offers for sale products, methods, equipment, and services that practice claims 1

and 4 of the '601 patent.

15. For example, and without limiting the '601 patent claims that will be asserted in this action or the DIRECTV services accused of infringing the '601 patent claims, the distribution of *Enemy* infringes claim 1 of the '601 patent.

16. Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." DIRECTV advertised *Enemy* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

17. The method of claim 1 involves displaying a movie trailer for the FLM. DIRECTV displayed a movie trailer for *Enemy*.

18. When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." DIRECTV sold *Enemy* for purchase before *Enemy* was in the theaters and before *Enemy* was publicly available on DVD.

19. The claim 1 method involves wirelessly transmitting and downloading of the FLM. DIRECTV did this with respect to sales and rentals of *Enemy*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times decided by the individuals viewing the FLM with the times being before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

20. DIRECTV practiced the remaining steps of claim 1 because *Enemy* was distributed to movie theaters and is greater than sixty minutes long.

Complaint for Patent Infringement 4

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Red Pine prays for the following relief against DIRECTV:

(A) Judgment that DIRECTV has directly infringed claims of the '601 patent claims;

(B) For a reasonable royalty;

(C) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(D) For such other and further relief as the Court may deem just and proper.

Date: October 27, 2014

Respectfully submitted,

/s/ Todd C. Atkins
Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619-255-2380

Joseph J. Siprut (*pro hac vice* pending)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000

Complaint for Patent Infringement 5